ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (CA Bar Number 141720)
Assistant United States Attorney
Public Corruption and Civil Rights Section
1300 United States Courthouse312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2468
Facsimile: (213) 894-6436
E-mail: daniel.obrien@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-248 |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| CHUN S. TUCKER, | |
| Defendant. | |

1. This constitutes the plea agreement between Chun S. Tucker ("Defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a) Surrender for arrest within the Central District of California at the time and place directed by the USAO, and at the

earliest opportunity provided by the Court, plead guilty to count one of the indictment in <u>United States v. Chun S. Tucker</u>, CR No. 11-248.

b) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

c) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

d) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

e) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

f) Pay any restitution amount ordered by the Court within the time frame allotted by the Court.  Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

g) Forfeit all right, title, and interest in all assets seized by law enforcement officials as provided in this plea agreement.

h) Adhere to and abide by all factual representations and promises contained in this plea agreement.

3. Defendant further agrees to:

a) Truthfully disclose to law enforcement officials, the location of, defendant's ownership interest in, and all other information known to defendant about, all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used

to facilitate the commission of, defendant's illegal activities, and to forfeit all right, title, and interest in and to such items, including $100,000 seized by law enforcement officials on or about May 15, 2012 from the Redstone Federal Credit Union.

   b) To the court's entry of an order of forfeiture at or before sentencing with respect to these assets and to the forfeiture of the assets.

   c) To take whatever steps are necessary to pass to the United States clear title to the assets described above, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

   d) Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against these properties, nor assist any other individual in any effort falsely to contest the forfeiture of the assets described above.

   e) That forfeiture of assets described above may be counted towards satisfaction of a restitution order imposed by the court, but shall not be counted toward satisfaction of any special assessment, fine, or other penalty the Court may impose.

## THE USAO'S OBLIGATIONS

4.   If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees to:

   a) Recommend a sentence of 30-months imprisonment minus any time served in prison in the Republic of Korea as a result of her conviction on related charges and recommend a fine no greater than $7,500, given that defendant (1) unilaterally discontinued her participation in the conspiracy in March 2006 out of a sense of

3

remorse; (2) revealed her culpability to law enforcement officers in February 2011, (3) cooperated with law enforcement investigators in connection with the investigation of her co-conspirator and other allegations of corruption, (4) entered a plea of guilty to identical charges brought in Republic of Korea, (5) received a sentence of 30 months in prison, (6) agreed to forfeit $100,000 seized by law enforcement officials as provided in this agreement.

    b) At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant.

    c) Adhere to and abide by all factual representations and promises contained in this plea agreement.

## NATURE OF THE OFFENSE

    5.  Defendant understands that for defendant to be guilty of the crime charged in count one of the indictment, which charges a violation of Title 18, United States Code, Section 371, the following must be true:

    a)  Beginning in or about December 2004 and continuing to March 28, 2006, there was an agreement between two or more persons to commit an offense against the United States, namely bribery, by corruptly giving defendant money in return for defendant being induced to do acts in violation of her official duty, in violation of Title 18, United States Code, Sections 201(b)(1)(c) and 201(b)(2)(c).

    b)  Defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and

    c)   One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

    Defendant admits that she is, in fact, guilty of this offense as described in count one of the Indictment.

4

PENALTIES, RESTITUTION & FORFEITURE

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371 is 5 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the s8atutory maximum stated above.

8.   Defendant understands and agrees that she will be required to pay full restitution to the United States government for the offenses of conviction and related conduct.  The parties stipulate that the applicable amount of restitution for the offenses of conviction, based upon the amount of bribes received is $100,000.

9.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this

5

case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

11. Defendant and the USAO agree to the statement of facts provided below. Defendant and the USAO agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Background

During the period December 2004 through March 28, 2006, defendant was a United States citizen, residing in the Republic of Korea ("ROK"), and employed as Chief of the Contract Branch,

Contracting Division, United States Army Corps of Engineers, Far East District ("ACE-FED").

Co-conspirator CKK was a citizen of the ROK and the owner of a gasoline service station in Gyunggi-Do, ROK.

Pursuant to Article XVI of the Status of Forces Agreement ("SOFA") between the ROK and the United States, contractors with the United States Armed Forces in Korea ("USFK") are exempt from ROK taxes on gasoline and other petroleum products procured for official purposes in the ROK.

Under the terms of the SOFA, USFK are responsible for certifying the eligibility of contractors to receive tax exemptions.  USFK certify a contractor's eligibility for a tax exemption by issuing a USFK POL Tax Exemption Coupon ("Tax Exemption Coupon").  Each Tax Exemption Coupon identifies the authorized contractor, the USFK contract number for which the contractor is performing services, the name of the company where petroleum products are to be purchased, the price and quantity of the purchase, and the identity of the issuing officer.

As Chief of the ACE-FED contracting branch, defendant TUCKER was responsible for issuing Tax Exemption Coupons to authorized contractors of USFK.

The Conspiracy

Beginning in or about December 2004 and continuing to March 28, 2006, defendant entered into an agreement with CCK through which CCK would give defendant money in return for defendant preparing, signing, and delivering to CCK fraudulent Tax Exemption Coupons. These Tax Exemption Coupons were fraudulent in that they were not

issued to the contractor identified on the coupon and pertained to either non-existent or ineligible contracts.

CKK would cause the Tax Exemption Coupons to be redeemed at gasoline service stations, oil refineries, or ROK tax authorities. The Tax Exemption Coupons pertained to 12,765,700 liters of fuel and resulted in the equivalent of approximately $9.5 million in tax losses to the ROK.

In return, defendant received in excess of the equivalent of $100,000 in the form of Korean won.

Overt Acts

On March 23, 2006, defendant TUCKER prepared and signed Tax Exemption Coupon number 00.011.314.

On March 23, 2006, defendant TUCKER prepared and signed Tax Exemption Coupon number 00.013.499.

On March 28, 2006, defendant TUCKER prepared and signed Tax Exemption Coupon number 00.011.315.

SENTENCING FACTORS

12.  Defendant understands that in determining defendant's sentence the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines.  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

Case 2:11-cr-00248-BRO   Document 5   Filed 04/08/15   Page 9 of 18   Page ID #:22

13.  Defendant agrees that at the time of sentencing the Court may consider dismissed counts in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

14.  Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:

    Base offense = 14   [U.S.S.G. § 2C1.1(a)(1)]
    Multiple bribes = +2   [U.S.S.G. § 2C1.1(b)(1)]
    Value of payment = +8   [U.S.S.G. § 2C1.1(b)(2)]

15.  The USAO agrees at the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

16.  Defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed.  Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

17. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18. Notwithstanding paragraphs 14 through 17, defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7) and to argue any facts in support of any variance from the sentencing guideline range.

## WAIVER OF CONSTITUTIONAL RIGHTS

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of an attorney at trial, including the right to have the Court appoint an attorney to represent defendant at trial.  Defendant understands, however, that, despite defendant's guilty plea, defendant retains the right to be represented by an attorney -- and, if necessary, to have the Court appoint an attorney if defendant cannot afford one -- at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL AND COLLATERAL ATTACK

20. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

21. Defendant agrees that, provided that the Court imposes a term of imprisonment within or below the range corresponding to a total offense level of 21 or lower, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $100,000; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the standard conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

22. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to a total offense level of 21, the USAO gives up its right to appeal any portion of the sentence.

23. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

## EFFECTIVE DATE OF AGREEMENT

24. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

25. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of

limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## BREACH OF AGREEMENT

26.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

13

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

28. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to

submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one, not the prosecutor, defendant's attorney, or the Court B, can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

31.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED
UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

```
1   ANDRÉ BIROTTE JR.
    United States Attorney
2
3   /s/ [signature]
4   DANIEL J. O'BRIEN                        6/11/14
    Assistant United States Attorney         Date
5
6
7   [signature]                              9 June 2014
    CHUN S. TUCKER                           Date
8   Defendant
9
10
11  [signature]                              June 11, 2014
    ROBERT K. STEINBERG                      Date
12  Counsel for Defendant
    Chun S. Tucker
13
```

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorneys. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorneys, and my attorneys have advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter,

16

1  and I am pleading guilty because I am guilty of the charges and wish
2  to take advantage of the promises set forth in this agreement, and
3  not for any other reason.

_____                    9 June 2014
CHUN S. TUCKER                               Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Chun S. Tucker's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____                    JUNE 11, 2014
ROBERT K. STEINBERG                          Date
Counsel for Defendant
Chun S. Tucker

**CERTIFICATE OF SERVICE**

I, **G. MORENO**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT**

Service was:

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By facsimile, as follows:

☐ By e-mail, as follows:

**ROBERT K. STEINBERG**
**12304 Santa Monica Blvd., 3rd Floor**
**Los Angeles, CA 90025**

This certificate is executed on **April 8, 2015**, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

　　　　/s/　　　　　　　　　　　　
G. MORENO
Legal Assistant